1  FORREST BOOTH (State Bar No. 74166)
fb@severson.com
2  ERIK M. KOWALEWSKY (State Bar No. 205985)
emk@severson.com
3  SEVERSON & WERSON
A Professional Corporation
4  One Embarcadero Center, Suite 2600
San Francisco, California 94111
5  Telephone: (415) 398-3344
Facsimile: (415) 956-0439
6
Attorneys for Plaintiff
7  SINGAPORE TECHNOLOGIES MARINE, LTD.

8

9                    UNITED STATES DISTRICT COURT

10                   SOUTHERN DISTRICT OF CALIFORNIA

11

12  SINGAPORE TECHNOLOGIES              Case No. **'14CV1734 W    KSC**
    MARINE, LTD.,
13                                      **COMPLAINT FOR
                  Plaintiffs,           DECLARATORY JUDGMENT AND
14                                      DAMAGES**

15       vs.                           **In Admiralty And Diversity**

    PACIFIC PRINCESS PARTNERSHIP
16  LTD., OCEANS UNLIMITED, INC.,
    and ONOSAI FESULUAI FAALELE,
17
                  Defendants.
18

19

20

21       COMES NOW Plaintiff SINGAPORE TECHNOLOGIES MARINE, LTD.

22  (hereinafter "S.T. Marine" or "Plaintiff"), and for its Complaint for Declaratory

23  Judgment and Damages (the "Complaint") against PACIFIC PRINCESS

24  PARTNERSHIP LTD. ("Pacific Princess"), OCEANS UNLIMITED, INC.

25  ("Oceans"), and ONOSAI FESULUAI FAALELE ("Faalele")  (Pacific Princess,

26  Oceans and Faalele are referred to collectively herein as "Defendants"), alleges

27  as follows:

28

12492.0001/3361000.1
_____
                    COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

**PRELIMINARY ALLEGATIONS**

**A.     Jurisdiction**

1.     Jurisdiction exists in admiralty pursuant to 28 U.S.C. § 1333, and this Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), on account of diversity of citizenship.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

2.     This is an admiralty and maritime claim, involving a dispute over a maritime death and a marine ship repair contract, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**B.     Venue**

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Pacific Princess and Oceans are residents of this District, are owned by a resident of this District, have their principal places of business in this District, and are managed from this District.  Defendant Faalele also resides in this District. Further, Plaintiff is informed and believes and thereon alleges that a substantial part of the events and omissions giving rise to this dispute occurred within this District.

**C.     Parties and Citizenship**

4.     Plaintiff S.T. Marine at all times was, and is now, a corporation organized and existing under the laws of Singapore, with its principal and only place of business in Singapore.

5.     Plaintiff is informed and believes, and on that basis alleges, that Defendant Pacific Princess is a Nevada corporation, with its principal place of business at 4102 Avanti Drive, San Diego, California, within this District, which regularly does business in California, and which owns all or a portion of the fishing vessel PACIFIC PRINCESS.

6.     Plaintiff is informed and believes, and on that basis alleges, that Defendant Oceans is a Nevada corporation, with a place of business at San Diego,

12492.0001/3361000.1

2

COMPLAINT FOR DECLARATORY JUDGMENT

1  California, within this District, which regularly does business in California, and

2  which owns all or a portion of the F/V PACIFIC PRINCESS.

3        7.    Plaintiff is informed and believes, and on that basis alleges, that

4  Defendant Faalele resides in San Diego, California, within this District.

5  **D.    Defendants' Claims**

6        8.    On or about December 7, 2009, Pacific Princess entered into a Bimco

7  Standard Ship Repair Contract (the "ship repair contract") with Plaintiff S.T.

8  Marine.  A true and correct copy of the ship repair contract is attached hereto as

9  Exhibit A, and is incorporated herein by reference.  The contract was signed in

10  Singapore by Ricardo Da Rosa, whom Plaintiff is informed and believes is the

11  President of Pacific Princess.  The contract called for S.T. Marine to perform certain

12  repair and maintenance work in Singapore on the fishing vessel PACIFIC

13  PRINCESS, which Plaintiff is informed and believes is owned by Defendant Pacific

14  Princess and/or Oceans.  Pursuant to the contract, Plaintiff refurbished and changed

15  the seals on the mid-starboard auxiliary hydraulic crane (the "crane") of the F/V

16  PACIFIC PRINCESS.  This work was performed in early 2010, under the direct

17  supervision of the owner's representative, the vessel's chief engineer, and an expert

18  hired from Australia, who performed all testing on the vessel's hydraulic equipment.

19  All work done by Plaintiff was approved by those three individuals.

20        9.    About fifteen months later, on or about August 9, 2011, the crane was

21  overloaded by the crew of the F/V PACIFIC PRINCESS and/or by stevedores'

22  employees in American Samoa, where the vessel was unloading fish.  The hydraulic

23  cylinder which lifts the crane burst, the boom of the crane dropped precipitously and

24  hit decedent Papu Faalele on the head, killing him.

25  **E.    Litigation**

26       10.    On or about May 23, 2013, Defendant Faalele, the widow of decedent

27  Papu Faalele,  filed a lawsuit in the San Diego Superior Court, naming as defendants

28  only Pacific Princess and Oceans.  Faalele's complaint seeks damages on her own

12492.0001/3361000.1

3

1  behalf and on behalf of her eight minor children for the death of her husband Papu

2  Faalele.  Pacific Princess and Oceans have filed answers in the lawsuit, but no party

3  has filed a claim therein against Plaintiff S.T. Marine.  S.T. Marine is not a party to

4  that action.  In connection with the aforementioned suit, the hydraulic cylinder

5  which burst was recently subjected to destructive testing in El Segundo, California,

6  at the request of counsel for Defendants.

7  **F.      Claims Against S.T. Marine**

8          11.     Recently, Pacific Princess, Oceans and Faalele have made claims and

9  threats of litigation against Plaintiff.  They allege that in 2010, Plaintiff S.T. Marine

10  negligently repaired the hydraulic cylinder of the crane on the F/V PACIFIC

11  PRINCESS; that S.T. Marine repainted the cylinder without adequately removing

12  underlying rust and corrosion, which was painted over; that the hydraulic cylinder

13  was so badly deteriorated that it should have been replaced and not repaired; and

14  that S.T. Marine should have so advised Pacific Princess and Oceans.

15  **FIRST CAUSE OF ACTION**

16  **Against all Defendants**

17  **(Declaratory Relief – No Personal Jurisdiction in
California Over S.T. Marine)**

18

19          12.     Plaintiff hereby realleges and incorporates by reference paragraphs 1

    through 11, inclusive, of this Complaint, as if set forth in full herein.
20
            13.     Plaintiff is a Singapore corporation which is resident in and operates
21
    only in Singapore.  It owns no property in California, has no employees in
22
    California, does no advertising in California, maintains no bank accounts or agents
23
    for service of process in California, and is otherwise not "present and doing
24
    business" in California.
25
            14.     Defendants allege both that Plaintiff is liable to them, and that Plaintiff
26
    is subject to personal jurisdiction in California.  Plaintiff disputes both of these
27
    assertions.
28

12492.0001/3361000.1                            4

15.     An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Defendants, on the other, concerning the parties' respective rights, duties and obligations under the ship repair contract, at law and in equity, and in particular as they relate to the death of Papu Faalele.  Therefore Plaintiff herein seeks a declaration of its rights and obligations, a declaration that Plaintiff is not subject to personal jurisdiction in California, in either state or federal court, and otherwise as set forth below, under the law of admiralty and the U.S. Constitutional requirements for personal jurisdiction.

## SECOND CAUSE OF ACTION

### Against All Defendants

### (Declaratory Relief – No Personal Jurisdiction in American Samoa Over S.T. Marine)

16.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 15, inclusive, of this Complaint, as if set forth in full herein.

17.     Defendants have alleged that Plaintiff is subject to personal jurisdiction in the courts of American Samoa.  While no party has sued Plaintiff in American Samoa as a result of the death of Papu Faalele and related claims, all Defendants have threatened such a suit against Plaintiff.

18.     Plaintiff is a Singapore corporation which is resident in and operates only in Singapore.  It owns no property in American Samoa, has no employees in American Samoa, does no advertising in American Samoa, maintains no bank accounts or agents for service of process in American Samoa, and is otherwise not "present and doing business" in American Samoa.

19.     Defendants allege both that Plaintiff is liable to them, and that Plaintiff is subject to personal jurisdiction in American Samoa.  Plaintiff disputes both of these assertions.

20.     An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Defendants, on the other, concerning the parties' respective rights,

1   duties and obligations under the ship repair contract, at law and in equity, and in

2   particular as they relate to the death of Papu Faalele.  Therefore Plaintiff herein

3   seeks a declaration of its rights and obligations, a declaration that Plaintiff is not

4   subject to personal jurisdiction in American Samoa, and otherwise as set forth

5   below, under the law of admiralty and the U.S. Constitutional requirements for

6   personal jurisdiction.

7                    **THIRD CAUSE OF ACTION**

8               **Against Pacific Princess and Oceans**

9                      **(Tort of Another)**

10      21.    Plaintiff hereby realleges and incorporates by reference paragraphs 1

11   through 20, inclusive, of this Complaint, as if set forth in full herein.

12      22.    As a direct and proximate result of Pacific Princess' and Oceans'

13   actions, errors and/or omissions, S.T. Marine has been compelled to retain counsel

14   and incur fees and expenses, on account of the allegations being made against

15   Plaintiff by Pacific Princess and Oceans.

16      23.    Plaintiff has incurred, and will continue to incur, substantial attorneys'

17   fees and costs in addressing and possibly litigating the issue of personal jurisdiction

18   over Plaintiff in the courts of California and/or American Samoa.  Plaintiff is

19   entitled to recover those fees and costs from Defendants Pacific Princess and

20   Oceans, with interest, under the doctrine of wrongful act/tort of another, since the

21   claims by Defendants against Plaintiff were and are baseless.

22      24.    To the extent Plaintiff may make a settlement or settlements with

23   Faalele, and/or other parties, or if Plaintiff incurs other liability, Plaintiff is entitled

24   to recover the amount(s) of same from Defendants Pacific Princess and Oceans,

25   with interest, under the doctrine of wrongful act/tort of another, under the ship repair

26   contract, and in equity.

27

28

12492.0001/3361000.1                          6

# **PRAYER**

WHEREFORE, Plaintiff S.T. Marine prays for judgment against Pacific Princess, Oceans and Faalele as follows:

1.    For a judicial resolution of the dispute and a determination of the rights and duties of Plaintiff and Defendants with respect to the claims made against Plaintiff by Defendants, such a declaration being necessary and appropriate at this time so that Plaintiff and Defendants may ascertain their rights and duties, if any;

2.    For a declaration that Plaintiff is not now, and never was, subject to personal jurisdiction in the courts of the state of California, or the federal courts within California;

3.    For a declaration that Plaintiff is not now, and never was, subject to personal jurisdiction in the courts of American Samoa;

4.    For a declaration that any claims by Pacific Princess and/or Oceans against Plaintiff must be presented and resolved only in Singapore, pursuant to paragraph 12 of the ship repair contract;

5.    For a declaration that any state or federal court in California is an inconvenient forum for resolution of claims against Plaintiff and disputes under the ship repair contract, which was signed in Singapore and is subject to English law;

6.    For a declaration that any court in American Samoa is an inconvenient forum for resolution of claims against Plaintiff and disputes under the ship repair contract, which was signed in Singapore and is subject to English law;

7.    For a declaration that, pursuant to the ship repair contract, which is subject to English law, Pacific Princess and/or Oceans is/are legally and contractually responsible for the death of Papu Faalele, irrespective of the cause of death, and whether or not caused by the negligence or gross negligence of either Pacific Princess or Oceans, or both of them, and that accordingly Pacific Princess and Oceans must accept responsibility for his death;

1    8.    For a declaration that, pursuant to the ship repair contract, which is

2  subject to English law, Plaintiff is entitled to indemnity from Pacific Princess,

3  Oceans, or both of them, for both the liability and legal costs arising out of the death

4  of Papu Faalele;

5    9.    For a declaration that Plaintiff has no liability for the death of

6  Papu Faalele;

7    10.    For all damages to Plaintiff proximately caused by the acts and/or

8  admissions of Defendants, or any of them;

9    11.    For all attorneys' fees;

10    12.    For costs of suit herein; and

11    13.    For such other and further relief as this Court may deem just

12  and proper.

13  DATED:  July 23, 2014          SEVERSON & WERSON
                                   A Professional Corporation
14

15                               By:        /s/ *Forrest Booth*
                                            Forrest Booth
16

17                               Attorneys for Plaintiff
                                 SINGAPORE TECHNOLOGIES MARINE, LTD.
18

19

20

21

22

23

24

25

26

27

28

12492.0001/3361000.1                    8

COMPLAINT FOR DECLARATORY JUDGMENT